IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DANA KETCHUM, and<br>PATTIE KETCHUM,<br><br>        Plaintiffs,<br><br>vs.<br><br>ALTON JAMES DUPUIS,<br>McKENZIE TANK LINES, INC.,<br>And A, B, C and D, the correct names<br>of which will be added by amendment<br>when ascertained,<br><br>        Defendants. | }<br>}<br>}<br>}<br>}<br>}<br>}<br>}  CIVIL ACTION NO. 3:05CV1174-F<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>} |

TO:

Sam E. Loftin, Esq.
Loftin, Loftin & Hall
P. O. Box 2566
Phenix City, AL 36868-2566

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendant Alton James DuPuis and Defendant McKenzie Tank Lines, Inc., (hereinafter collectively referred to as "Defendants"), hereby notice the removal of the above-styled action filed on or about November 4, 2005, in the Circuit Court of Russell County, Alabama (Civil Action File No. CV 05-436), to the United States District Court for the Middle District of Alabama, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

    1.    On or about November 4, 2005, Plaintiffs Dana Ketchum and Pattie Ketchum commenced the above-styled action by filing a Summons and Complaint against the Defendants as shown in the attached Exhibit "A."

2. The removal of this action is based on diversity of citizenship. This Court has original jurisdiction of the case pursuant to 28 U.S.C. § 1332 (a), because there exists complete diversity of citizenship between the Plaintiffs and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Upon information and belief, and/or as is stated in the Complaint, Plaintiffs Dana Ketchum and Pattie Ketchum are citizens of the State of Georgia, (Complaint, ¶ 3.)

Defendant Alton James DuPuis is a citizen of the State of Florida, and Defendant McKenzie Tank Lines, Inc., is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Florida. Therefore, there exists complete diversity of citizenship between the Plaintiffs and the Defendants.

4. The citizenship of any fictitious defendants must be disregarded for purposes of determining diversity. 28 U.S.C. § 1441 (a).

5. The Plaintiffs seek unspecified damages. However, the Complaint states that the Plaintiffs are seeking substantial compensatory and punitive damages, and/or damages for permanent injuries, such that the amount in controversy clearly exceeds the jurisdictional amount of $75,000. Furthermore, the Complaint alleges that Plaintiff Dana Ketchum has been "permanently injured" and has suffered damages to his liver and airways, such that injuries have caused him to incur pain and suffering, mental anguish, and past and future medical expenses. (See Complaint, at ¶ 5.)

6. Because the Plaintiffs do not seek an express identified sum of monetary damages in the above-referenced Complaint, the Plaintiffs' claim will likely exceed $75,000, exclusive of interest and costs.

(a) In considering whether the requisite jurisdictional amount in controversy exists, the U. S. Supreme Court has held that "[I]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L.Ed. 845, 848 (1938). The St. Paul Mercury standard specifically applies to consideration of whether a case is properly removed to federal court. See Harger v. Burger King Corp., 729 F. Supp. 1579, 1580 (M.D. La. 1990); Ronca & Sons, Inc., v. Monarch Water Systems, Inc., 1990 WL 140154 at *3 (E.D. Pa. 1990); Schager v. Union Fid. Life Ins. Co., 1987 WL 13570 at *2 (N.D. Ill. 1987).

(b) The amount in controversy in this action exceeds the sum of Seventy-five Thousand Dollars ($75,000), exclusive of interest and costs, because the Plaintiffs seek to recover damages for negligent and wanton conduct in an amount "for such sum as the jury shall assess, together with interest and costs." (Complaint, ¶ 12).

(c) The United States District Court for the Northern District of Alabama reviewed the propriety of removal of an action which did not contain a specific *ad damnum* in the complaint in Kilpatrick v. Eby Construction Co., Inc., 708 F. Supp. 1241 (N.D. Ala. 1989). The Court found that a complaint not seeking a sum specific, would yield to allegations of a jurisdictional limit in the Notice of Removal. Id. at 1242-43.

3

(d) In <u>Tapscott v. MS Dealer Service Corp</u>, 77 F.3d 1353 (11th Cir. 1996), the Eleventh Circuit held that when the plaintiff's demand is unspecified, a lower burden of proof to establish removal jurisdiction is warranted. <u>Id</u>. at 1357.

(e) Indeed, in the case at bar, the Plaintiffs did not even attempt to limit the amount of their total claim for damages. Facing a similar situation, the Court in <u>Steel v. Underwriters Adjusting Co.</u>, 649 F. Supp. 1414 (M.D. Ala. 1986), was confronted with the removal of a state court complaint seeking unspecified punitive damages and demanding "judgment against the defendants in the [sic] amount to be fairly ascertained by the jury." <u>Id</u>. at 1415. The <u>Steele</u> court rejected plaintiff's belated argument that the amount in controversy was less than $50,000.00,[1] recognizing in such cases that a court "may turn to the petition for removal to ascertain the amount in controversy." <u>Id</u>. at 1416. The Court's reasoning in <u>Steele</u> is equally applicable here:

> To allow [a plaintiff to avoid federal jurisdiction by claiming unspecified damages] would violate this court's notions of procedural fair play. A plaintiff **should not be allowed to deprive a defendant of his right to remove through artful pleading practices** . . .
>
> The plaintiff should not be allowed to rob Underwriters of its right to remove by demanding such damages as may be "fairly ascertained by the jury." Permitting such practice allows the Plaintiff to "have his cake and eat it too." In other words, the Plaintiff effectively prevents federal jurisdiction by failing to demand a specific monetary figure, while making it possible for the jury to return a verdict well in excess of [the statutory amount.] Such an approach is simply unfair and will not be permitted by this court.

<u>Id</u>. at 1415-16 (emphasis added).

7. No pleading or other actions have been taken by the Defendants in the Circuit Court for Russell County.

---

[1] Note, the jurisdictional amount was increased from $50,000 to $75,000 in January of 1997.

4

8. This notice is filed within 30 days of receipt through service (or otherwise) of a copy of the Complaint on Defendants.

9. Venue is proper in the Middle District of Alabama, Eastern Division, pursuant to 28 U.S.C. §81, as Russell County is within its boundaries.

10. Pursuant to 28 U.S.C. §1446(d), Defendants have sent written notice of removal to the Plaintiffs' attorney and have filed a copy of this notice with the Clerk of Circuit Court of Russell County.

WHEREFORE, the premises considered, Defendants respectfully submit that this matter has been properly removed from the Circuit Court of Russell County, Alabama and request that this Court take proper jurisdiction of this matter in the United States District Court for the Middle District of Alabama, Eastern Division.

Done this 9th day of December, 2005.

                                          R. E. Broughton
                                          RICHARD E. BROUGHTON (BRO043)

**OF COUNSEL:**
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109
Telephone: (334) 387-7680
Facsimile: (334) 387-3222

Suite 3100, Promenade II
1230 Peachtree St., N.E.
Atlanta, GA 30309-3592
Telephone: (404) 815-3500
Facsimile: (404) 815-3509

**SMITH, GAMBRELL & RUSSELL, LLP**
Stephen E. O'Day
Georgia Bar No. 549337
Andrew M. Thompson
Georgia Bar No. 707319

Counsel for Defendants
McKenzie Tank Lines, Inc. and
Alton James DuPuis

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been served upon

Sam E. Loftin, Esq.
Loftin, Loftin & Hall
P. O. Box 2566
Phenix City, AL 36868-2566

by placing copy of same in the United States Mail, first class, postage prepaid and properly addressed on this 9th day of December, 2005.

_____
OF COUNSEL

AVS0300

ALABAMA JUDICIAL DATA CENTER
RUSSELL        COUNTY
SUMMONS

CV 2005 000436.00
ALBERT L. JOHNSON

IN THE CIRCUIT COURT OF RUSSELL        COUNTY
DANA KETCHUM ET AL VS ALTON JAMES DUPUIS
  SERVE ON: (D002)

MCKENZIE TANK LINES INC
P. O. BOX 1200
TALLAHASSEE    , FL 32303-0000

PLAINTIFF'S ATTORNEY
LOFTIN SAMUEL E
1705 7TH AVENUE
POST OFFICE BOX 2566
PHENIX CITY    , AL 36868-2566

TO THE ABOVE NAMED DEFENDANT:

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS ATTORNEY(S) SHOWN ABOVE OR ATTACHED.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE COURT BELOW.

( )  TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR 4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE: YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE COMPLAINT IN THIS ACTION UPON DEFENDANT.

(X)  THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(C) OF THE ALABAMA RULES OF CIVIL PROCEDURE.

DATE: 11/04/2005            CLERK: KATHY COULTER            BY: ___
                            PO BOX 518
                            PHENIX CITY    AL  36868-0510
                            (334)298-0516

RETURN ON SERVICE:

( )  CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE) _____
     (RETURN RECEIPT HERETO ATTACHED)

( )  I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE SUMMONS AND
     COMPLAINT TO _____
     IN _____ COUNTY, ALABAMA ON (DATE) _____

DATE _____          SERVER SIGNATURE _____

SERVER ADDRESS _____    TYPE OF PROCESS SERVER _____

EXHIBIT A

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

DANA KETCHUM and )
PATTIE KETCHUM, )
                              )
          Plaintiffs,         )
                              )
Vs.                           )   CASE NO. CV-2005- 436
                              )
ALTON JAMES DuPUIS,           )
McKENZIE TANK LINES, INC. and )
A, B, C and D, the correct names of which )
are otherwise unknown but which will be )
added by amendment when ascertained, )
                              )
          Defendants.         )

FILED IN OFFICE
2005 NOV -4 PM 12: 25
CIRCUIT/DIST. COURT
RUSSELL CO. ALA

## COMPLAINT

1. On or about November 4, 2003, on a public highway, to-wit: U.S. Highway 80 East at its intersection with U.S. Highway 280/431, Phenix City, Russell County, Alabama, Defendant Alton James DuPuis, negligently and/or wantonly caused or allowed a tractor trailer tanker truck to overturn.

2. Said tanker truck was hauling a hazardous material known as dimthylamine, aqueous. When the truck overturned the tank was ruptured causing and allowing approximately 2,800 gallons of the hazardous material to escape into the atmosphere and onto the roadway and surrounding area.

3. Plaintiff, Dana Ketchum, is a resident of Columbus, Georgia. After the truck overturned said Plaintiff approached the truck to give aide and assistance to the driver of the truck, Alton James DuPuis.

4. As a direct and proximate result of the negligence and/or wantonness of Defendants, Dana Ketchum was exposed to the dimthylamine. He inhaled the substance and it was on his body and clothing.

5.  As a direct and proximate result of his exposure to the dimthylamine, Dana Ketchum received injury to his person. His airways were irritated and damaged and he was caused to suffer injury and damage to his liver. Said Plaintiff is permanently injured. He has suffered pain and mental anguish and he will so suffer in the future. Said Plaintiff has incurred medical expenses for treatment of his injuries and he will incur such expenses in the future.

6.  Pattie Ketchum is the spouse of Dana Ketchum. She has lost the comfort, society and consortium of her husband as a direct and proximate result of the negligence and/or wantonness of Defendants.

7.  At the time of the incident referred to herein, Alton James DuPuis, was the agent, servant and employee of McKenzie Tank Lines, Inc., and was acting in the line and scope of his employment.

8.  At the time of the incident referred to herein, McKenzie Tank Lines, Inc., negligently entrusted the tanker truck to Alton James DuPuis.

9.  McKenzie Tank Lines, Inc., negligently and/or wantonly hired, trained, supervised and retained Alton James DuPuis as its employee.

10. Defendants, A, B and C is that person or persons, firm, corporation or other legal entity which negligently and/or wantonly:

   (a) Loaded and/or secured the dimthylamine into the tanker truck;

   (b) Supervised, hired, trained and retained in its employ, Alton James DuPuis;

   (c) Entrusted the tanker truck to Alton James DuPuis, and

   (d) Inspected the tank and truck in question.

[RECEIVED]

11. Defendant D is that person, firm, corporation, or other legal entity for whom Alton James DuPuis was acting as agent, servant and employee at the time of the incident described herein.

12. The correct name of A, B, C and D is otherwise unknown to Plaintiffs at this time. Plaintiffs will add the correct names of said Defendants by amendment when ascertained.

WHEREFORE, Plaintiffs demand judgment against Defendants for such sum as the jury shall access, together with interest and costs.

LOFTIN, LOFTIN & HALL

BY: _____
SAM E. LOFTIN (LOF004)
ATTORNEY FOR PLAINTIFFS
POST OFFICE BOX 2566
PHENIX CITY, ALABAMA 36868-2566
(334) 297-1870

Plaintiffs demand a trial by jury.

LOFTIN, LOFTIN & HALL

BY: _____
SAM E. LOFTIN
ATTORNEY FOR PLAINTIFFS

Please serve the Defendants by certified mail at the following address:

ALTON JAMES DuPUIS
898 Ridgeview Drive
Pensacola, Florida 32514

McKENZIE TANK LINES, INC.
Post Office Box 1200
Tallahassee, Florida 32303

RECEIVED