IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2005 DEC -9  P 3: 59

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| DANA KETCHUM, and<br>PATTIE KETCHUM,<br><br>         Plaintiffs,<br><br>vs.<br><br>ALTON JAMES DUPUIS,<br>McKENZIE TANK LINES, INC.,<br>And A, B, C and D, the correct names<br>of which will be added by amendment<br>when ascertained,<br><br>         Defendants. | CIVIL ACTION NO. 3:05cv1174-F |

## ANSWER OF DEFENDANT McKENZIE TANK LINES, INC.

COMES NOW the Defendant identified in the Complaint as McKenzie Tank Lines, Inc., in the above-styled case, and for answer to the Complaint filed against it, states as follows:

### FIRST DEFENSE

The Complaint fails to state a cause of action against this Defendant upon which relief can be granted.

### SECOND DEFENSE

Any and/or all claims stated in the Complaint against this Defendant are due to be dismissed because they were not filed within the applicable Statutes of Limitations.

### THIRD DEFENSE

Plaintiffs' claims are barred by Alabama Rule of Civil Procedure 12(b)(4) for insufficient process.

## FOURTH DEFENSE

Plaintiffs' claims are barred by Alabama Rule of Civil Procedure 12(b)(5) for lack of service of process.

## FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to mitigate their claimed damages.

## SIXTH DEFENSE

No act or omission by this Defendant proximately caused or contributed to any of the damages alleged in the Complaint.

## SEVENTH DEFENSE

The alleged injuries, losses, damages and expenses were the sole, direct and proximate result of pre-existing conditions or idiosyncratic reactions of Plaintiffs for which this Defendant is not liable.

## EIGHTH DEFENSE

This Defendant cannot be held liable because the damages of which Plaintiffs complain were entirely unforeseeable.

## NINTH DEFENSE

Plaintiffs failed to exercise ordinary care on their own behalf and that failure was the sole, intervening and superseding cause of any injury alleged in the Complaint.

## TENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of accord and satisfaction.

## ELEVENTH DEFENSE

The conduct of others was the superseding, intervening cause of Plaintiffs' alleged injuries.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole in part, because this Defendant's activities were in accordance with the applicable standards of care under all applicable laws and regulations, and activities by this Defendant in accordance with such standards of care were reasonable as a matter of law.

## THIRTEENTH DEFENSE

This Defendant is entitled to a set-off of any and all sums received by Plaintiffs from whatever source as a consequence of their alleged injuries or damages.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

## FIFTEENTH DEFENSE

To the extent that they are supported by the evidence disclosed through discovery, this Defendant pleads the defenses of contributory negligence and assumption of the risk.

## SIXTEENTH DEFENSE

In the alternative, this Defendant pleads that the Plaintiffs' injuries and damages were the proximate result of the negligence/wantonness or other conduct of non-parties to this lawsuit.

## SEVENTEENTH DEFENSE

None of the alleged injuries or damages sustained by the Plaintiffs were the proximate result of any alleged negligence/wantonness, or other alleged wrongful conduct on the part of this Defendant.

## EIGHTEENTH DEFENSE

The award of discretionary, compensatory damages for mental suffering on behalf of Plaintiffs violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because: (a) it fails to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States, (b) it fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution, (c) it results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and, (d) it constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## NINETEENTH DEFENSE

The award of discretionary compensatory damages for mental suffering to the Plaintiffs violates the due process clause of Article One, Section 6 of the Constitution of Alabama because it fails to provide a limit on the amount of the award against this Defendant, it is unconstitutionally vague, it fails to provide specific standards in the amount of the award of such damages, and, it constitutes a deprivation of property without the due process of the law.

## TWENTIETH DEFENSE

With respect to the specifically enumerated paragraphs of Plaintiffs' Complaint, this Defendant responds as follows:

1.

This Defendant denies all of the allegations contained in paragraph 1 of Plaintiffs' Complaint except to state that a tanker truck overturned on or about November 4, 2003, on U.S. Highway 80 East at its intersection with U.S. Highway 280, Phenix City, Russell County, Alabama.

2.

This Defendant denies as stated all of the allegations contained in paragraph 2 of Plaintiffs' Complaint except to state that the tanker truck hauled a mixture containing dimethylamine and that when the tanker truck overturned, a rupture occurred.

3.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiffs' Complaint and therefore denies same.

4.

This Defendant denies the allegations contained in the first sentence of paragraph 4 of Plaintiffs' Complaint. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 4 of Plaintiffs' Complaint and therefore denies same.

5.

This Defendant denies the allegations contained in the first sentence of paragraph 5 of Plaintiffs' Complaint. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 5 of Plaintiffs' Complaint and therefore denies same. This Defendant denies the remaining allegations contained in paragraph 5 of Plaintiffs' Complaint.

6.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 6 of Plaintiffs' Complaint and therefore denies same. This Defendant denies the remaining allegations contained in paragraph 6 of Plaintiffs' Complaint.

7.

The allegations contained in paragraph 7 state conclusions of law to which no response is required. To the extent a further response is required, this Defendant admits that Defendant Alton James Dupuis was an employee of McKenze Tank Lines, Inc. on or about November 4, 2003, but this Defendant denies as stated all other allegations contained in paragraph 7 of Plaintiffs' Complaint.

8.

Denied.

9.

Denied.

10.

The allegations contained in paragraph 10, and the subparagraphs thereunder, state conclusions of law to which no response is required. To the extent a further response is required, this Defendant denies the allegations contained in paragraph 10, and the subparagraphs thereunder, of Plaintiffs' Complaint.

11.

The allegations contained in paragraph 11 state conclusions of law to which no response is required. To the extent a further response is required, this Defendant denies the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 12 of Plaintiffs' Complaint and therefore denies same. The allegations contained in the second sentence of paragraph 12 state conclusions of law to which no response is required.

**TWENTY-FIRST DEFENSE**

This Defendant reserves the right to assert additional defenses, the need for which can only be determined through the discovery process.

This Defendant denies that Plaintiffs are entitled to damages and other relief sought by Plaintiffs in their prayer for relief, and denies any allegations of Plaintiffs' Complaint to which no specific response is contained herein.

WHEREFORE, for the foregoing reasons, this Defendant respectfully prays that this Court:

    a)    dismiss the Plaintiffs' action with prejudice;

    b)    grant judgment in its favor against Plaintiffs on their claims with costs taxed to Plaintiffs; and

    c)    grant such other and further relief to this Defendant as may be allowed by law and as this Court may deem appropriate.

/s/ R. E. Broughton
RICHARD E. BROUGHTON (BRO043)

**OF COUNSEL:**
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109
Telephone: (334) 387-7680
Facsimile: (334) 387-3222

                              **SMITH, GAMBRELL & RUSSELL, LLP**
                              Stephen E. O'Day
                              Georgia Bar No. 549337
                              Andrew M. Thompson
                              Georgia Bar No. 707319

Suite 3100, Promenade II
1230 Peachtree St., N.E.
Atlanta, GA 30309-3592
Telephone: (404) 815-3500
Facsimile: (404) 815-3509

        Counsel for Defendants
        McKenzie Tank Lines, Inc. and
        Alton James DuPuis

**Defendant demands trial by jury.**

        _R. E. Broughton_
        RICHARD E. BROUGHTON (BRO043)

**OF COUNSEL:**
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109
Telephone: (334) 387-7680
Facsimile: (334) 387-3222

        **SMITH, GAMBRELL & RUSSELL, LLP**
        Stephen E. O'Day
        Georgia Bar No. 549337
        Andrew M. Thompson
        Georgia Bar No. 707319

Suite 3100, Promenade II
1230 Peachtree St., N.E.
Atlanta, GA 30309-3592
Telephone: (404) 815-3500
Facsimile: (404) 815-3509

        Counsel for Defendants
        McKenzie Tank Lines, Inc. and
        Alton James DuPuis

**CERTIFICATE OF SERVICE**

I certify that the foregoing document has been served upon

Sam E. Loftin, Esq.
Loftin, Loftin & Hall
P. O. Box 2566
Phenix City, AL 36868-2566

by placing copy of same in the United States Mail, first class, postage prepaid and properly addressed on this 9th day of December, 2005.

                                                         /s/ R. E. Broughton
                                                         OF COUNSEL