IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DANA KETCHUM and | * | |
| PATTY KETCHUM, | * | |
|     PLAINTIFFS, | * | |
| | * | |
| v. | * | 3:05-cv-1174-F |
| | * | |
| ALTON JAMES DUPUIS, | * | |
| MCKENZIE TANK LINES, INC., | * | |
|     DEFENDANTS. | * | |

**MOTION TO SUBSTITUTE DEFENDANT PURSUANT TO FRCP 25(a)**

COME NOW the Plaintiffs in the above styled cause and move this Honorable Court for an order permitting the substitution of Norma V. Dupuis, personal representative of the estate of Alton James Dupuis, for the defendant, Alton James Dupuis, and for grounds would show the Court the following:

1. Alton James Dupuis passed away on December 18, 2005, shortly after the filing of this lawsuit.

2. On January 26, 2006, the defendants filed a suggestion of death with this Court.

3. FRCP 25(a) provides that "if a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." Further, "the motion for substitution may be made by any party or by the successors or representatives of the deceased party." *Id.* Patty Ketchum, as a party herself and as the successor and personal representative of the estate of Dana Ketchum, is a proper party to make such a request. In addition, Norma V. Dupuis, as the wife of Alton James Dupuis and as the personal

representative of his estate, is the proper party to be substituted for Alton James Dupuis.

4. § 6-5-462, Code of Alabama (1975) governs the survival of a claim against an individual following that person's death and says the following in pertinent part:

> In all proceedings not of an equitable nature, all claims upon which an action has been filed, ... and all personal claims upon which an action has been filed, except for injuries to the reputation, survive in favor of and against personal representatives...

Accordingly, the present action is not extinguished by the death of Mr. Dupuis, and Mrs. Dupuis, as his widow and the personal representative of his estate, is the proper person to substitute as defendant after his death in this action.

4. The instant motion is timely filed, being made prior to the expiration of the 90th day since the suggestion of death was filed on the record.

5. This substitution of parties will not prejudice any defendant in this matter and will serve the interests of justice by permitting this action to be determined on the merits.

6. Accordingly, these premises considered, the plaintiffs respectfully request that this Honorable Court issue an order permitting the substitution of Norma V. Dupuis, as personal representative of the estate of Alton James Dupuis, for the defendant, Alton James Dupuis.

Respectfully submitted on this the 25th day of April, 2006.

**MORRIS, HAYNES & HORNSBY**

/s Randall S. Haynes
    Attorney for Plaintiffs
    HAY006

Post Office Box 1660
Alexander City, Alabama 35011-1660
Phone: (256) 329-2000
Fax:    (256) 329-2015

Also Counsel for Plaintiff:

Mr. Sam E. Loftin
Loftin, Loftin & Hall
Post Office Box 2566
Phenix City, Alabama 36868-2566

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 25th day of April, 2006, I electronically filed the foregoing Motion to Substitute Defendant with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record in the above referenced case.


                                               /s Randall S. Haynes
                                                       Of Counsel

cc:    Mr. Richard E. Broughton
        Ball, Ball, Matthews & Novak, P.A.
        2000 Interstate Park Drive
        Suite 204
        Montgomery, Alabama 36109

        Mr. Stephen O'Day
        Mr. Andrew M. Thompson
        Smith, Gambrell & Russell, LLP
        Suite 3100 Promenade H
        1230 Peachtree Street, N.E.
        Atlanta, Georgia 30309-3592