IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PATTIE KETCHUM, Individually and as the Personal Representative of the Estate of Dr. Dana Ketchum, | * * * * |
| PLAINTIFF, | * * |
| v. | *   3:05-cv-1174-WKW |
| | * |
| MCKENZIE TANK LINES, INC., and NORMA V. DUPUIS, | * * * |
| DEFENDANTS. | * |

## FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, Pattie Ketchum, individually and as the Personal Representative of the Estate of Dr. Dana Ketchum, and files this First Amended Complaint in the above styled action as follows:

1. The Plaintiff reavers and realleges all of the allegations in the original Complaint as if set out in full herein.

## PARTIES

2. The Plaintiff, Pattie Ketchum, is a resident citizen of Columbus, Georgia. Pattie Ketchum was the spouse of Dr. Dana Ketchum, and is the Personal Representative of Dr. Ketchum's estate. At the time of the accident on which this suit is based and at the time of his death, Dr. Ketchum was a pediatrician and a resident citizen of Columbus, Georgia. Dr. Ketchum passed away on December 16, 2005.

3. The Defendant, McKenzie Tank Lines, Inc., is a foreign corporation by virtue of having its principal place of business in Tallahassee, Florida. The Defendant, McKenzie Tank Lines, Inc., was the employer of Alton James Dupuis.

4. Alton James Dupuis, at the time of the accident, was a resident citizen of

Pensacola, Florida. On or about April 5, 2005, Mr. Dupuis became a resident citizen of Fuquay-Varina in Wake County, North Carolina. At the time of the filing of this action, Mr. Dupuis was a resident citizen of the State of North Carolina. On December 16, 2005, Mr. Dupuis passed away. His wife, Norma V. Dupuis, a resident citizen of Fuquay-Varina in Wake County, North Carolina and is the Personal Representative of his estate.

## VENUE AND JURISDICTION

5.　　Jurisdiction in this Court is proper under 28 U.S.C.A. § 1332(a)(1), the diversity jurisdiction statute, since all plaintiffs are residents of different states than all defendants.

6.　　Venue is proper in this action in the Middle District of Alabama pursuant to 28 U.S.C.A. § 1391(a)(2) because the accident on which this occurrence is based occurred in Phenix City in Russell County, Alabama on or about November 4, 2003.

## COUNT I: PERSONAL INJURIES TO DR. DANA KETCHUM

7.　　Plaintiff realleges and reavers all of the allegations in the preceding paragraphs in this First Amended Complaint and the Original Complaint as if set out in full herein.

8.　　On or about November 4, 2003, at the intersection of U. S. Highway 80 East and U. S. Highway 280/431 in Phenix City in Russell County, Alabama, Alton James Dupuis was driving a tractor trailer tanker truck for McKenzie Tank Lines, Inc. At that time and place, Alton James Dupuis negligently and/or wantonly caused or allowed the tractor tanker truck driven by him to overturn.

9.　　The tractor trailer tanker truck which Alton James Dupuis was driving was

2

hauling a hazardous material known as Dimethylamine, Aqueous. When the truck overturned, the tank ruptured, causing approximately 2,800 gallons of the hazardous material to escape into the atmosphere and onto the roadway and surrounding areas.

10. Because he was a licensed physician, the Plaintiff's decedent, Dr. Dana Ketchum, approached the truck after it overturned to give aid and assistance to the driver of the truck, Alton James Dupuis.

11. As a direct and proximate cause of the negligence and/or wantonness of the Defendants, Dr. Ketchum was exposed to the hazardous material. He inhaled the substance and it was on his body and clothing.

12. As a direct and proximate result of this exposure to the hazardous chemical, Dimethylamine, Aqueous, which resulted from the negligence and/or wantonness of the Defendants, Dr. Ketchum received injuries to his person. His airways were irritated and damaged and he was caused to suffer injury and illness to his liver. The Plaintiff's decedent, Dr. Ketchum, was permanently injured as a result of this accident. Dr. Ketchum suffered pain and mental anguish and continued to do so until his death. Dr. Ketchum incurred medical expenses for the treatment of his injuries until the time of his death.

13. At the time of the incident, upon information and belief, Alton James Dupuis was the agent, servant, and/or employee of Defendant McKenzie Tank Lines, Inc., and was acting in the line and scope of his employment. Alternatively, Alton James Dupuis was driving under the interstate certificated authority of the Defendant McKenzie Tank Lines, Inc. Accordingly, the defendant McKenzie Tank Lines, Inc. is responsible for the actions of Alton James Dupuis through the doctrine of respondeat

superior.

14.     Alton James Dupuis passed away on December 18, 2005.  The personal representative of his estate is Norma V. Dupuis.  Under Alabama law, the claim against Mr. Dupuis survived his death.

15.     Dr. Dana Ketchum was a Plaintiff in the original Complaint filed in this action which contained a claim for Dr. Ketchum's personal injuries and which was filed prior to Dr. Ketchum's death.  Accordingly, under Alabama law, Dr. Ketchum's personal injury claim survived his death.

WHEREFORE, these premises considered, the Plaintiff demands judgment against the Defendants, McKenzie Tank Lines, Inc. and Norma V. Dupuis as the Personal Representative of the Estate of Alton James Dupuis, in an amount to be determined by a jury for both compensatory and punitive damages.

## COUNT II: WRONGFUL DEATH

16.     Plaintiff realleges and reavers all of the allegations in the preceding paragraphs in this First Amended Complaint and the Original Complaint as if set out in full herein.

17.     As a result of the negligent and/or wanton actions of Alton James Dupuis in causing the tractor trailer tanker truck which he was driving to overturn, the Plaintiff's decedent, Dr. Dana Ketchum, was exposed to the hazardous material being hauled by Alton James Dupuis for Defendant McKenzie Tank Lines, Inc., Dimethylamine, Aqueous.  As a result of this exposure, and as a proximate result of the negligent and/or wanton actions of the defendants, Dr. Ketchum died on December 16, 2005.

18.     At the time of the incident, upon information and belief, Alton James

4

Dupuis was the agent, servant, and/or employee of Defendant McKenzie Tank Lines, Inc., and was acting in the line and scope of his employment. Alternatively, Alton James Dupuis was driving under the interstate certificated authority of Defendant McKenzie Tank Lines, Inc. Therefore, Defendant McKenzie Tank Lines, Inc. is responsible for the actions of Alton James Dupuis under the doctrine of respondeat superior.

19.     Alton James Dupuis passed away on December 18, 2005. The personal representative of his estate is Norma V. Dupuis. Under Alabama law, the claim against Mr. Dupuis survived his death.

WHEREFORE, these premises considered, the Plaintiff demands judgment against the Defendants, McKenzie Tank Lines, Inc. and Norma V. Dupuis as the Personal Representative of the Estate of Alton James Dupuis for punitive damages for wrongful death in an amount to be determined by a jury.

### COUNT III: NEGLIGENT AND/OR WANTON ENTRUSTMENT, HIRING, TRAINING, SUPERVISION AND RETENTION

20.     Plaintiff realleges and reavers all of the allegations in the preceding paragraphs in this First Amended Complaint and the Original Complaint as if set out in full herein.

21.     At the time of the incident referred to herein, Defendant McKenzie Tank Lines, Inc., had negligently and/or wantonly entrusted the tractor trailer tanker truck to its agent, servant, or employee, Alton James Dupuis.

22.     Defendant McKenzie Tank Lines, Inc. further negligently and/or wantonly hired, trained, supervised, and retained Alton James Dupuis as its employee.

23.     As a proximate result of the negligent and/or wanton entrustment, hiring,

training, supervision, and retention of Alton James Dupuis, Plaintiff's decedent, Dr. Dana Ketchum, was exposed to Dimethylamine, Aqueous and suffered both personal injuries, including injury and damage to his lungs and liver, and death.

WHEREFORE, these premises considered, the Plaintiff, Pattie Ketchum, demands judgment against the Defendants, McKenzie Tank Lines, Inc. and Norma V. Dupuis as the Personal Representative of the Estate of Alton James Dupuis for compensatory and punitive damages in an amount to be determined by a jury.

## COUNT IV: LOSS OF CONSORTIUM.

24. Plaintiff realleges and reavers all of the allegations in the preceding paragraphs in this First Amended Complaint and the Original Complaint as if set out in full herein.

25. Plaintiff, Pattie Ketchum, was the spouse of Dr. Dana Ketchum. As a proximate result of the negligent and/or wantonness of the Defendants, the plaintiff Pattie Ketchum lost the comfort, society and consortium of her husband from the time of the accident on November 4, 2003 until the time of his death on December 16, 2005.

WHEREFORE, these premises considered, the Plaintiff, Pattie Ketchum, demands judgment against the Defendants, McKenzie Tank Lines, Inc. and Norma V. Dupuis as the Personal Representative of the Estate of Alton James Dupuis, for compensatory and punitive damages in an amount to be determined by a jury.

## AD DAMNUM CLAUSE

26. Plaintiff realleges and reavers all of the allegations in the preceding paragraphs in this First Amended Complaint and the Original Complaint as if set out in full herein

27. As a proximate result of the negligent and/or wanton actions of Alton

6

James Dupuis and Defendant McKenzie Tank Lines, Inc. and the negligent and/or wanton entrustment, hiring, training, supervision, and retention of Alton James Dupuis by the Defendant McKenzie Tank Lines, Inc., the Plaintiff and Plaintiff's decedent, Dr. Dana Ketchum, were caused to suffer both the personal injuries and loss of consortium outlined in the preceding paragraphs, as well as the wrongful death of Dr. Dana Ketchum. The wrongful actions of the Defendants combined and concurred to cause the damages to the Plaintiff and her decedent.

WHEREFORE, these premises considered, the Plaintiff, Pattie Ketchum, demands judgment against the Defendants, McKenzie Tank Lines, Inc. and Norma V. Dupuis in her capacity as the Personal Representative of the Estate of Alton James Dupuis, for compensatory and punitive damages in an amount to be determined by a jury.

/s Randall S. Haynes
Attorney for Plaintiff
HAY006

**OF COUNSEL:**
MORRIS, HAYNES & HORNSBY
131 Main Street
Post Office Box 1660
Alexander City, Alabama 35011-1660
Phone: (256) 329-2000
Fax:   (256) 329-2015

Additional Counsel for Plaintiff:

Sam E. Loftin, Esq.
Loftin, Loftin & Hall
Post Office Box 2566
Phenix City, Alabama 36868-2566

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 30th day of June, 2006, I electronically filed the foregoing First Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record in the above referenced case.

      /s Randall S. Haynes
      Of Counsel

cc:    Richard E. Broughton, Esq.
       Ball, Ball, Matthews & Novak, P.A.
       2000 Interstate Park Drive
       Suite 204
       Montgomery, Alabama 36109

       Stephen O'Day, Esq.
       Andrew M. Thompson, Esq.
       Smith, Gambrell & Russell, LLP
       Suite 3100 Promenade H
       1230 Peachtree Street, N.E.
       Atlanta, Georgia 30309-3592