## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

PATTIE KETCHUM, individually and    }
As the Personal Representative of    }
the Estate of Dr. Dana Ketchum,    }
   }
         **Plaintiff,**    }
   }
**vs.**    }     **CIVIL ACTION NO.**
   }     **3:05-cv-1174-WKW**
McKENZIE TANK LINES, INC., and    }
NORMA V. DUPUIS,    }
   }
         **Defendants.**    }

## FIRST AMENDED ANSWER OF DEFENDANT McKENZIE TANK LINES, INC.

COMES NOW the Defendant identified in the First Amended Complaint ("Amended Complaint") as McKenzie Tank Lines, Inc., in the above-styled case, and for answer to the Amended Complaint filed against it, states as follows:

### FIRST DEFENSE

The Amended Complaint fails to state a cause of action against this Defendant upon which relief can be granted.

### SECOND DEFENSE

Any and/or all claims stated in the Amended Complaint against this Defendant are due to be dismissed because they were not filed within the applicable Statutes of Limitations.

**EXHIBIT A**

## THIRD DEFENSE

Plaintiff's claims are barred by Alabama Rule of Civil Procedure 12(b)(4) for insufficient process.

## FOURTH DEFENSE

Plaintiff's claims are barred by Alabama Rule of Civil Procedure 12(b)(5) for lack of service of process.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate its claimed damages.

## SIXTH DEFENSE

No act or omission by this Defendant proximately caused or contributed to any of the damages alleged in the Amended Complaint.

## SEVENTH DEFENSE

The alleged injuries, losses, damages and expenses were the sole, direct and proximate result of pre-existing conditions or idiosyncratic reactions of Plaintiff for which this Defendant is not liable.

## EIGHTH DEFENSE

This Defendant cannot be held liable because the damages of which Plaintiff complains were entirely unforeseeable.

### NINTH DEFENSE

Plaintiff failed to exercise ordinary care on its own behalf and that failure was the sole, intervening and superseding cause of any injury alleged in the Amended Complaint.

### TENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

### ELEVENTH DEFENSE

The conduct of others was the superseding, intervening cause of Plaintiff's alleged injuries.

### TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because this Defendant's activities were in accordance with the applicable standards of care under all applicable laws and regulations, and activities by this Defendant in accordance with such standards of care were reasonable as a matter of law.

### THIRTEENTH DEFENSE

This Defendant is entitled to a set-off of any and all sums received by Plaintiff from whatever source as a consequence of its alleged injuries or damages.

### FOURTEENTH DEFENSE

Plaintiff's claims are ba rred in whole or in part by the doctrine of waiver.

### FIFTEENTH DEFENSE

To the extent that they are supported by the evidence disclosed through discovery, this Defendant pleads the defenses of contributory negligence and assumption of the risk.

### SIXTEENTH DEFENSE

In the alternative, this Defendant pleads that Plaintiff's injuries and damages were the proximate result of the negligence/wantonness or other conduct of non-parties to this lawsuit.

### SEVENTEENTH DEFENSE

None of the alleged injuries or damages sustained by the Plaintiff were the proximate result of any alleged negligence/wantonness, or other alleged wrongful conduct on the part of this Defendant.

### EIGHTEENTH DEFENSE

This Defendant avers that the Amended Complaint fails to state a claim upon which punitive damages may be awarded to Plaintiff.

### NINETEENTH DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to this Defendant under the Constitution of the State of Alabama.

### TWENTIETH DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to this Defendant under the Constitution of the United States of America.

### TWENTY-FIRST DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to this Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

### TWENTY-SECOND DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

### TWENTY-THIRD DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to this Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are

penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to a criminal defendant.

## TWENTY-FOURTH DEFENSE

It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages, which are penal in nature, yet compels this Defendant to disclose documents and evidence.

## TWENTY-FIFTH DEFENSE

It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this Defendant punitive damages, which are penal in nature, yet compels this Defendant to disclose documents and evidence.

## TWENTY-SIXTH DEFENSE

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

a)  It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b)  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against this Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

c)      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d)      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

e)      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

f)      The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

**TWENTY-SEVENTH DEFENSE**

Plaintiff's claim of punitive damages violates the Due Process Clause of Article I,

Section 6, of the Constitution of Alabama, on the following grounds:

a)      It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendant upon the Plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b)      The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this Defendant;

c)   The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d)   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

e)   The award of punitive damages in this case would constitute a deprivation of property without due process of law; and

f)   The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this Defendant.

### TWENTY-EIGHTH DEFENSE

The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTY-NINTH DEFENSE

The award of punitive damages against this Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

### THIRTIETH DEFENSE

This Defendant pleads the standards and limitations regarding the determination and/or enforcement of punitive damage awards provided in Section 6-11-27, *Code of Alabama 1975.*

### THIRTY-FIRST DEFENSE

This Defendant pleads the standards and limitations regarding the determination and/or enforcement of punitive damage awards provided in Sections 6-11-20 and -21, *Code of Alabama 1975.*

### THIRTY-SECOND DEFENSE

This Defendant pleads the standards and limitations regarding the determination and/or enforceability of punitive damages awards articulated in <u>BMW of North America v. Gore</u>, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed. 809 (1995); and in <u>State Farm Automobile Insurance Company v. Campbell</u>, 123 S.Ct. 1513 (April 7, 2003).

### THIRTY-THIRD DEFENSE

Without the protections previously provided in §§ 6-11-23(a) and 6-11-24 *Code of Alabama*, regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

### THIRTY-FOURTH DEFENSE

Plaintiff's claim for punitive damages against this Defendant cannot be sustained because an award of punitive damages under Alabama law for the purpose of compensating Plaintiff or for purposes not otherwise recognized by Alabama law would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provision in the Constitution of Alabama.

## THIRTY-FIFTH DEFENSE

The award of discretionary, compensatory damages for mental suffering on behalf of Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because: (a) it fails to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States, (b) it fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution, (c) it results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution, and (d) it constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## THIRTY-SIXTH DEFENSE

The award of discretionary compensatory damages for mental suffering to the Plaintiff violates the due process clause of Article One, Section 6 of the Constitution of Alabama because it fails to provide a limit on the amount of the award against this Defendant, it is unconstitutionally vague, it fails to provide specific standards in the

amount of the award of such damages, and, it constitutes a deprivation of property without the due process of the law.

## THIRTY-SEVENTH DEFENSE

Plaintiff's claims for punitive damages against these Defendants cannot be sustained because Alabama's Wrongful Death Act, Alabama Code § 6-5-410 (1975), is unconstitutional in that:

1.    It operates to create an arbitrary and capricious method and manner for the jury's assessment in determination of damages, without regard for the quality and quantity of culpability of other defendants joined in one action;

2.    It operates to deny these Defendants a fair opportunity to have the jury assess damages based on these Defendants' culpability for negligence which cannot be segregated from allegations of negligence against other defendants joined in this action;

3.    In failing to provide for a joint contribution and/or apportionment of damages among defendants, it deprives these Defendants of property without due process of law in contravention of the Fifth and Fourteenth Amendments to the United States Constitution, and specifically those portions thereof proscribing any state from depriving any person or property without due process of law; and

4.    In failing to provide for joint contribution and apportionment of damages among defendants, it deprives these Defendants of property without due process of law contrary to Article 1, Section 6 of the Constitution of Alabama, which provides insofar as germane, that no person shall be deprived of property except by due process of law.

## THIRTY-EIGHTH DEFENSE

To the extent that Alabama's Wrongful Death Act, Alabama Code § 6-5-410 (1975), as interpreted and applied, permits the recovery of punitive damages upon a standard of proof which is less than the clear and convincing standard of proof, said

11

statutory provision violates the due process clause of the Fourteenth Amendment to the United States Constitution and Article 1, §§ 1, 6, and 22 of the Alabama Constitution.

## THIRTY-NINTH DEFENSE

This Defendant alleges affirmatively that Alabama's Wrongful Death Act, Alabama Code § 6-5-410 (1975), as interpreted and applied, violates the due process clause of the Fourteenth Amendment to the United States Constitution, and further violates this Defendant' s entitlement to equal protection of the law as required by the Constitution of the United States, and that said statutory section permits the recovery of punitive damages upon a showing or under a burden of proof which is less than the clear and convincing standard otherwise required by Alabama law, pursuant to Alabama Code § 6-11-20 for the recovery of punitive damages.

## FORTIETH DEFENSE

Alabama's Wrongful Death Act, Alabama Code § 6-5-410 (1975), requires that the damages awarded in a death case be "such damages as the jury may assess." Accordingly, the damages to be awarded in a wrongful death case are not necessarily punitive in nature.

## FORTY-FIRST DEFENSE

That the determination and assessment of damages under Alabama's Wrongful Death Act, Alabama Code §6-5-410 (1975), can be read neither in *pari delicto*, nor in *pari material*, thereby creating an unreasonable classification denying to this Defendant equal protection of the law under provisions of the Fourteenth Amendment of the Constitution of the United States, and under the provisions of the Constitution of

Alabama, as well as depriving this Defendant of property without due process of law under the Fifth and Fourteenth Amendments to the <u>Constitution of the United States</u>, and in Article 1, Sections 1 and 6, of the <u>Constitution of Alabama</u> of 1901 for the following reasons:

1.  They allow for an award of punitive damages for simple negligence, whereas conscious or deliberate oppression, fraud, wantonness, or malice is required for an award of punitive damages in non-wrongful death actions;

2.  They do not allow for compensatory damages, confining plaintiffs in wrongful death actions to punitive damages alone; and

3.  The standard of proof required for punitive damages under these statutes is inconsistent with the clear and convincing evidence standard of proof required for an award of punitive damages in non-wrongful death cases.

### FORTY-SECOND DEFENSE

To the extent that <u>Alabama Code</u> § 6-11-20 (1975), as interpreted and applied, permits the recovery of punitive damages in a wrongful death action based upon a showing or under a burden of proof that is less than the clear and convincing standard, said statutory provision violates the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the <u>United States Constitution</u>, and the due process and equal protection clauses of the <u>Alabama Constitution</u>.

### FORTY-THIRD DEFENSE

To the extent that <u>Alabama Code</u> §§ 6-11-20 (1975) and 6-11-21 (Supp. 1999) exclude or attempt to exclude wrongful death claims from their coverage, said statutory provisions violate the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the

United States Constitution, and the due process and equal protection clauses of the Alabama Constitution.

### FORTY-FOURTH DEFENSE

To the extent that Alabama Code § 6-11-29 (1975) excludes or attempts to exclude wrongful death claims from the heightened evidentiary standard of Alabama Code § 6-11-27 (1975), said statutory provision violates the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the United States Constitution, and the due process and equal protection clauses of the Alabama Constitution.

### FORTY-FIFTH DEFENSE

With respect to the specifically enumerated paragraphs of the Amended Complaint, this Defendant responds as follows:

1.

To the extent that Plaintiff has referenced and incorporated the allegations in the original Complaint as set out in full in the Amended Complaint, this Defendant references and incorporates its responses to each of Plaintiff's allegations therein as if fully set forth herein.

2.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint and therefore denies same.

3.

Admitted.

14

4.

This Defendant denies the allegations contained in the fourth sentence of paragraph 4 of the Amended Complaint.   Rather, Mr. Dupuis passed away on December 18, 2005.   The remaining allegations contained in paragraph 4 of the Amended Complaint are admitted.

5.

Admitted.

6.

Admitted.

7.

To the extent that Plaintiff has referenced and incorporated the allegations in the original Complaint and paragraphs 1-6 of the Amended Complaint, this Defendant references and incorporates its responses to each of Plaintiff's  allegations therein as if fully set forth herein.

8.

This Defendant denies all of the allegations contained in paragraph 8 of the Amended Complaint except to state that a tanker truck overturned on or about November 4, 2003, on U.S. Highway 80 East at its intersection with U.S. Highway 280, Phenix City, Russell County, Alabama.

9.

This Defendant denies as stated all of the allegations contained in paragraph 9 of the Amended Complaint except to state that Alton James Dupuis was driving a tanker

truck which hauled a mixture containing dimethylamine, and that when the tanker truck overturned, a rupture occurred.

10.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint and therefore denies same.

11.

This Defendant denies the allegations contained in the first sentence of paragraph 11 of the Amended Complaint. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in second sentence of paragraph 11 of the Amended Complaint and therefore denies same.

12.

This Defendant denies the allegations contained in the first sentence of paragraph 12 of the Amended Complaint. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second, third, fourth and fifth sentences of paragraph 12 of the Amended Complaint and therefore denies same.

13.

The allegations contained in paragraph 13 state conclusions of law to which no response is required. To the extent a further response is required, this Defendant admits that Defendant Alton James Dupuis was an employee of McKenzie Tank Lines,

Inc. on or about November 4, 2003, but this Defendant denies as stated all other allegations contained in paragraph 13 of the Amended Complaint.

14.

This Defendant admits the allegations contained in the first and second sentences of paragraph 14 of the Amended Complaint. The allegations contained in the third sentence of paragraph 14 state conclusions of law to which no response is required. To the extent a further response is required, this Defendant denies the allegations contained in the third sentence of paragraph 14 of the Amended Complaint.

15.

This Defendant admits that Dr. Dana Ketchum was a Plaintiff in the original Complaint filed in this action which contained a claim for Dr. Ketchum's personal injuries which was filed on or about November 4, 2005. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in first sentence of paragraph 15 of the Amended Complaint and therefore denies same. The allegations contained in the second sentence of paragraph 15 state conclusions of law to which no response is required. To the extent a further response is required, this Defendant denies the allegations contained in the second sentence of paragraph 15 of the Amended Complaint.

This Defendant denies each and every allegation, averment, prayer, matter or thing contained in the Amended Complaint not specifically admitted, controverted, or denied herein. Further, this Defendant denies that Plaintiff is entitled to any

compensatory or punitive damages or relief and further denies that this Defendant is liable to Plaintiff in any manner whatsoever.

16.

To the extent that Plaintiff has referenced and incorporated the allegations in the original Complaint and paragraphs 1-16 of the Amended Complaint, this Defendant references and incorporates its responses to each of Plaintiff's allegations therein as if fully set forth herein.

17.

Denied.

18.

The allegations contained in paragraph 18 state conclusions of law to which no response is required. To the extent a further response is required, this Defendant admits that Defendant Alton James Dupuis was an employee of McKenzie Tank Lines, Inc. on or about November 4, 2003, but this Defendant denies as stated all other allegations contained in paragraph 18 of the Amended Complaint.

19.

This Defendant admits the allegations contained in the first and second sentences of paragraph 19 of the Amended Complaint. The allegations contained in the third sentence of paragraph 19 state conclusions of law to which no response is required. To the extent a further response is required, this Defendant denies the allegations contained in the third sentence of paragraph 19 of the Amended Complaint.

This Defendant denies each and every allegation, averment, prayer, matter or thing contained in the Amended Complaint not specifically admitted, controverted, or denied herein. Further, this Defendant denies that Plaintiff is entitled to any compensatory or punitive damages for wrongful death or relief and further denies that this Defendant is liable to Plaintiff in any manner whatsoever.

20.

To the extent that Plaintiff has referenced and incorporated the allegations in the original Complaint and paragraphs 1-19 of the Amended Complaint, this Defendant references and incorporates its responses to each of Plaintiff's allegations therein as if fully set forth herein.

21.

Denied.

22.

Denied.

23.

Denied.

This Defendant denies each and every allegation, averment, prayer, matter or thing contained in the Amended Complaint not specifically admitted, controverted, or denied herein. Further, this Defendant denies that Plaintiff is entitled to any compensatory or punitive damages or relief and further denies that this Defendant is liable to Plaintiff in any manner whatsoever.

24.

To the extent that Plaintiff has referenced and incorporated the allegations in the original Complaint and paragraphs 1-23 of the Amended Complaint, this Defendant references and incorporates its responses to each of Plaintiff's allegations therein as if fully set forth herein.

25.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 25 of the Amended Complaint. This Defendant denies the remaining allegations contained in paragraph 25 of the Amended Complaint.

This Defendant denies each and every allegation, averment, prayer, matter or thing contained in the Amended Complaint not specifically admitted, controverted, or denied herein. Further, this Defendant denies that Plaintiff is entitled to any compensatory or punitive damages or relief and further denies that this Defendant is liable to Plaintiff in any manner whatsoever.

26.

To the extent that Plaintiff has referenced and incorporated the allegations in the original Complaint and paragraphs 1-25 of the Amended Complaint, this Defendant references and incorporates its responses to each of Plaintiff's allegations therein as if fully set forth herein.

27.

Denied.

This Defendant denies each and every allegation, averment, prayer, matter or thing contained in the Amended Complaint not specifically admitted, controverted, or denied herein. Further, this Defendant denies that Plaintiff is entitled to any compensatory or punitive damages or relief and further denies that this Defendant is liable to Plaintiff in any manner whatsoever.

### FORTY-SIXTH DEFENSE

Plaintiff's claims are pre-empted by Federal law and therefore, Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

### FORTY-SEVENTH DEFENSE

This Defendant reserves the right to assert additional defenses, the need for which can only be determined through the discovery process.

This Defendant denies that Plaintiff is entitled to damages and other relief sought by Plaintiff in its prayer for relief, and denies any allegations of Plaintiff' s Amended Complaint to which no specific response is contained herein.

WHEREFORE, for the foregoing reasons, this Defendant respectfully prays that this Court:

    a)    dismiss the Plaintiff's action with prejud ice;

    b)    grant judgment in its favor against Plaintiff on its claims with costs taxed to Plaintiff; and

    c)    grant such other and further relief to this Defendant as may be allowed by law and as this Court may deem appropriate.

/s/ Richard E. Broughton
**RICHARD E. BROUGHTON (BRO043)**

**OF COUNSEL:**
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite 204
Montgomery, AL  36109
Telephone:  (334) 387-7680
Facsimile:  (334) 387-3222

SMITH, GAMBRELL & RUSSELL, LLP
Stephen E. O'Day
Georgia Bar No. 549337
Andrew M. Thompson
Georgia Bar No. 707319

Suite 3100, Promenade II
1230 Peachtree St., N.E.
Atlanta, GA  30309-3592
Telephone: (404) 815-3500
Facsimile: (404) 815-3509

Counsel for Defendants
McKenzie Tank Lines, Inc. and
Norma V. Dupuis, as the Personal Representative
of the Estate of Alton James Dupuis

**Defendant demands trial by jury.**

/s/ Richard E. Broughton
**RICHARD E. BROUGHTON (BRO043)**

**OF COUNSEL:**
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite 204
Montgomery, AL  36109
Telephone:  (334) 387-7680
Facsimile:  (334) 387-3222

**SMITH, GAMBRELL & RUSSELL, LLP**
Stephen E. O'Day
Georgia Bar No. 549337
Andrew M. Thompson
Georgia Bar No. 707319

Suite 3100, Promenade II
1230 Peachtree St., N.E.
Atlanta, GA  30309-3592
Telephone: (404) 815-3500
Facsimile: (404) 815-3509

Counsel for Defendants
McKenzie Tank Lines, Inc. and
Norma V. Dupuis, as the Personal Representative
of the Estate of Alton James Dupuis

## CERTIFICATE OF SERVICE

I hereby certify that on this July 12, 2006, I electronically filed the foregoing **First Amended Answer of Defendant McKenzie Tank Lines, Inc.** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Sam E. Loftin, Esq.
Loftin, Loftin & Hall
P. O. Box 2566
Phenix City, AL 36868-2566

Randall S. Haynes, Esq.
Morris, Haynes & Hornsby
131 Main Street
P.O. Box 1660
Alexander City, AL 35011-1660

/s/ Richard E. Broughton
OF COUNSEL